FLETCHER, Judge.
In this action brought under sections 624.155(l)(a)l and 626.9541(l)(x)l, Florida Statutes (1997), for bad faith refusal to insure, Enrique Otero and Hilda Otero [Oteros] appeal the trial court’s amended final judgment which vacated the jury’s award and ordered a new trial on the issue of damages for mental distress. Midland Life Insurance Company [Midland] cross-appeals the denial of its motions for directed verdict. We affirm the ordering of a new trial on the issue of damages, but solely as set forth herein.
Under section 624.155, Florida Statutes (1997), a civil remedy is available *580 against an insurer who, in violation of section 626.9541(l)(x)l, Florida Statutes (1997),[1] refuses to insure a person, “when [if] such person is damaged.” We conclude (1) that the trial court properly submitted to the jury the issue of whether the Oteros were denied life insurance solely because of their national origin, and (2) that there was sufficient evidence upon which the jury could reasonably find for them on this issue. Therefore, the question for our consideration is what recoverable damages were suffered by the Oteros as a result of Midland’s bad faith refusal to insure.
The jury’s original verdict in this case awarded the Oteros $100,000.00[2] each for economic damages and $400,000.00 each for mental anguish and emotional distress, for a total of $1,000,000.00 in damages. This amount was subsequently reduced to $989,676.00 after the trial court determined that Midland was entitled to a set off in the amount of premiums each plaintiff would have paid over the four year period had they been issued the insurance. The trial court subsequently vacated the non-economic damages award and ordered a new trial, relying on Time Ins. Co. v. Burger, 712 So.2d 389 (Fla.1998). In Burger the court set out a specific method of recovery for non-economic damages (for mental distress) in actions against health care insurers, carving out a limited exception to the impact rule for such insurers — but not for life insurers. Id. at 393.
Under section 624.155(4), punitive damages are recoverable only where “the acts giving rise to the violation occur with such frequency as to indicate a general business practice.” The jury found no such general business practice in this case and, therefore, the Oteros are not entitled to punitive damages.
As damages for mental distress and punitive damages are not available, we are left with the basic question of what, if any, actual damages plaintiffs suffered as a result of Midland’s refusal to insure them. Had one of the plaintiffs died without the policies being in effect, the measure of damages would appear to have been simple — i.e., the payment of death benefits (the amount of the policy, less premiums to date) to the beneficiary. In this case, however, both plaintiffs remain alive, thus the policy amount is not a method of measuring damages. The Oteros did claim — and the jury agreed with them — that their health has since deteriorated and they have become uninsurable except at much higher premiums. Their actual recoverable damages thus would be the difference between the cost of Midland’s premiums had the policies originally issued and the cost of the same insurance today. We also note that the Oteros expended attorney’s fees and costs which are recoverable under section 624.155(3), Florida Statutes (1997).
As a consequence, the cause is remanded to the trial court for a determination of the Oteros actual damages predicated solely upon the increase in cost of premiums because of the Oteros’ deteriorated health, as well as their attorney’s fees and costs.

. Which reads:
”(x) Refusal to insure. — In addition to other provisions of this code, the refusal to insure, or continúe to insure, any individual or risk solely because of:
1. Race, color, creed, marital status, sex, or national origin.”

. The amount of life insurance each had tried to obtain from Midland.